### SAMUEL BARROW v. T. L. PHILLEO.

An action on a contract to deliver goods at a certain place, may be commenced in the county where the goods were to be delivered, or in the county where the defendant resides.

In an action for damages for injury to goods delivered to the defendant for transportation, the bill of lading being alleged in the petition to have been signed by the defendant, is admissible in evidence without proof of its execution, if its execution be not denied by the defendant, under oath, in his answer.

Judgment will not be reversed on account of the admission of improper evidence of facts which are fully established by other evidence properly admitted.

Where the plaintiff proved bills of lading, dated in April, at Shreveport, Louisiana, for the transportation of goods for the plaintiff by the defendant, to Rusk, in Cherokee county, in this State, and proved a delivery of certain goods by the defendant to the plaintiff at Rusk, in May next thereafter, and that the same were damaged, it was held that, in the absence of evidence to the contrary, the presumption was that they were the goods covered by the bills of lading.

Error from Cherokee.

*J. M. Anderson*, for plaintiff in error.

*S. P. Donley*, for defendant in error.

HEMPHILL, CH. J. This was an action to recover damages, for injury done to goods, which had been delivered at Shreveport, Louisiana, to Samuel Barrow, the plaintiff in error, for transportation by him as a wagoner and common carrier, and delivery to Theron L. Philleo, the defendant in error, at Rusk, in Cherokee county, Texas.

There was judgment for Philleo; and the defendant, Barrow, has brought up the cause, and assigns various grounds of error, viz:

1st. In sustaining plaintiff's exceptions to the defendant's plea in abatement, that he was not sued in the county of his residence.

The Statute, Art. 667, confers on the defendant the privilege of being sued in the county of his domicil, with certain enumerated exceptions, of which one is, that where a person has contracted to perform an obligation in a particular county, he may be sued in that county or where he has his domicil. The defendant, by the receipts or bills of lading, was bound to deliver the goods at Rusk, in Cherokee county, in good order. His obligation was therefore to be performed in that county, and consequently he was liable, at the option of the plaintiff, to suit either in that county, or in the one in which he had his residence. There was therefore no error in sustaining plaintiff's exceptions to the defendant's plea in abatement.

There is nothing in the second assignment, that the Court erred in overruling the defendant's exceptions to the petition.

The third assignment is, error in permitting the plaintiff to read in evidence, without proof of its execution a paper purporting to be a receipt signed by the defendant. The plaintiff was entitled to read these freight bills or receipts of defendant, without proof of signature. The plea of *non est factum*, verified by affidavit, had not been filed, (Hart. Dig. 634, 689, 741,) and there was consequently no error in permitting them to be read without proof of execution.

The fourth assignment is, in overruling objections to the testimony of O. Teagarden. The bill of exceptions shows that defendant's objections were to the answers of Teagarden to the second, third and fourth interrogatories, propounded to him, in which answers the witness speaks of the contents of a written receipt or instrument, without identifying the said receipt, and to so much of the said answers as gives the contents of said receipt the defendant excepted. Whether there was error in not striking out so much of the answer of witness, as referred to the receipt, is not material, as the plaintiff, by his proof, fully entitled himself to a verdict, independent of the evidence of the witness, in relation to the contents of the written receipt or obligation of the defendant.

The receipts, dated in April, at Shreveport, Louisiana, for

the delivery of the goods to the plaintiff in Rusk, Cherokee county, were offered in evidence.  The witness was not interrogated to prove these receipts or their contents, but to prove whether goods were hauled by one of these parties for the other.  He did prove that the defendant delivered to the plaintiff two loads of merchandise ; and another part of his evidence shows that these were delivered in May, 1853, and that the goods were much damaged.  This was sufficient, *prima facie*, to establish the liability of the defendant for this damage, and this was the loss for which relief was sought by this action. If the goods damaged were other than those enumerated in the receipts, it devolved upon the defendant to show the fact, or at least to show that he had hauled other goods for the plaintiff. The admission of the evidence in relation to the contents of the receipts, could not have prejudiced the defendant.  The case was made out against him without such proof, and the error is therefore not such as would be good ground for the reversal of the judgment.

The only other assignment which requires any notice is the third ground for a new trial, viz : that the bill of damaged articles annexed to the interrogatories of the witness Teagarden was improperly admitted.  A sufficient reply to this is that no objection was made at the time of its introduction, and consequently none can be subsequently made.

Judgment affirmed.