## No. 2527.

### HOUSTON & TEXAS CENTRAL RAILWAY COMPANY *v.* GEORGE A. HILL.

1. DAMAGES—RAILWAY COMPANIES.—One who contracts with a railway company for the transportation of excursionists at reduced rates, and whose contract is afterwards, and before the excursion, repudiated by the company, after he has contracted to sell and deliver tickets at an advanced rate, may recover as damages the amount he would have received as net profits on the tickets he would have sold, after deducting expenses incurred in getting up the excursion, the amount to be arrived at by the jury from the evidence with reasonable certainty. See opinion for facts on which the rule is announced.

ERROR from Galveston. Tried below before the Hon. W. H. Stewart.

George A. Hill sued the Houston & Texas Central Railway Company to recover damages for breach of contract. The petition alleged that the defendant in error made and entered into a contract with the plaintiff by which it agreed to transport and carry from Galveston and other towns along its line of road, to Dallas, excursionists at five dollars for round trip; and that the plaintiff in error violated said contract, to the damage of defendant in error. Verdict rendered for the plaintiff for

the sum of two thousand one hundred and ninety-one dollars
and sixty-six and two-thirds cents and all costs, and a motion
for a new trial having been overruled, notice of appeal given
in open court, and to correct the alleged errors in the trial court
this appeal was taken.

*O. T. Holt*, for plaintiff in error: The plaintiff in error was
liable for the direct and immediate damages caused by the
breach of contract, but was not liable for that which might, or
would, or could have been done. (Houston & Texas Central
Railway Company v. G. A. Hill, 63 Texas, 381; Stark v. Alford,
49 Texas, 260; Jones v. George, 56 Texas, 149; 61 Texas, 445;
Railroad Company v. Joachimi, 58 Texas, 456; Railroad v.
Young, 60 Texas, 20; Sedgwick on Damages, 34, 45, 91, 126;
Sutherland on Damages, 17, 18, 19, 20, 21, 159; Field on Dam-
ages, 44, 45; Hodley v. Boredale, 9 Exch., 341; 18 American
Reports, 1.

Future prospects can not be recovered, unless they are so
certain that there is no doubt but that they would have been
realized. (Waco Tap Railroad Company v. Shirley, 45 Texas,
372; Texas & St. Louis Railroad Company v. Young, 60 Texas,
204; Jones v. George, 61 Texas, 354; Calvert v. McFadden, 13
Texas, 327; The Sabine & East Texas Railroad Company v.
Joachimi, 58 Texas, 456; Reliance Lumber Company v. The
Western Union Telegraph Company, 58 Texas, 394; Porter &
McMillan v. Burkett, Murphy & Burns, 65 Texas, 383; Austin
City Water Works v. Capital Ice Company, White & Wilson's
Condensed Cases, 1134; United States v. Baker, 110 United
States, 334; Sedgwick on Measure of Damages, 33, 34, 70, 72,
73; Sutherland on Damages, 18, 19, 20, 21, 159; Harvey v. Con-
necticut Railroad Company, 18 American Reports, 1; Griffin v.
Colser, 16 New York, 489.)

*James B. Stubbs*, and *Ballinger, Mott & Terry*, for defend-
ant in error.

GAINES, ASSOCIATE JUSTICE. This case was before this court
upon a former appeal, and is reported in 63 Texas, 381. The
nature of the controversy is shown by the opinion there re-
ported.

It appears from the testimony adduced on the last trial, that
after appellee had made his contract with appellant's agent for

the transportation of the excursionists to Dallas, he issued his own tickets, each of which entitled the purchaser thereof to receive a round trip ticket to that city over appellant's road. Appellee (who was plaintiff below) testified that he sold one Levy five hundred of his own tickets at an advance of one dollar and fifty cents each over the amount he was to pay the defendant company. Counsel for defendant asked the court to give the following special instruction: "If the jury believe from the evidence that the plaintiff, G. A. Hill, had, at the institution of this suit, and has now, only one-half interest in the result of said suit, he can only recover for his interest, and none other, unless the evidence shows that he has authority to sue and recover for others who have an interest in said suit." This was refused by the court, and the refusal is the ground of the first assignment of error. In our opinion the action of the court was not erroneous. If the defendant had delivered its tickets in compliance with its contract, and if Levy had complied with his, plaintiff would have made a gross profit on the five hundred tickets of seven hundred and fifty dollars, and to recover his profits on these tickets as damages was in part the object of his suit. Levy had no claim upon these damages, nor did he by the purchase of plaintiff's tickets acquire any direct interest or property in plaintiff's contract with the defendant company. If he suffered any damage by Hill's failure to deliver the railroad tickets according to his promise, he doubtless had a cause of action against plaintiff, but not against the company.

It was also proved that the defendant, after its repudiation of the contract made by plaintiff with its ticket agent Gray, through its general manager proposed to issue tickets for fifteen persons at the price fixed in the original agreement. In view of this evidence defendant, by counsel, asked that this instruction be given to the jury: "If the jury believe from the evidence that the defendant, the Houston & Texas Central Railway Company, proposed and offered to transport and carry fifteen persons for plaintiff, from Galveston to Dallas and return, for the sum of five dollars each, then plaintiff can not recover for the difference between five dollars and the regular fare on fifteen persons from Galveston to Dallas and return."

This was also refused, and the refusal is assigned as error. Plaintiff testified that the number of tickets he was to receive was not limited in the contract, and all the evidence shows that;

it was contemplated that he would dispose of a very large number. The defendant could only release itself from responding to plaintiff in damages for the breach of its obligations by a compliance with the entire contract. Plaintiff did not agree to purchase only fifteen tickets at the price stipulated, and he was under no obligation to receive that number in satisfaction of his agreement, either in whole or in part. Besides, it seems the tender of the fifteen tickets was accompanied with the condition that plaintiff should relinquish his claim to any other. The court did not err in refusing the charge.

The third assignment of error is as follows: "Because the court erred in permitting the witness Newson to state conversations had with persons in Galveston in regard to the excursion to Dallas." The testimony objected to was that at least twenty persons told the witness they intended to go to Dallas with plaintiff's excursion.

It may be seriously doubted whether or not the testimony was admissible. It is well settled that the declarations of persons as to their purpose in setting out on a journey or in changing their place of abode, when accompanying the acts done are competent to prove their intention. (Baptiste v. Volubrun et al., 5 Har. & J., 86; Gorham v. Canton, 5 Greenl., 266.) But in this case, if practicable to call the persons who made the declaration (which may be doubted) it would seem their own testimony would have been the better evidence of their intention to go on the excursion. It appears, however, that plaintiff himself, without objection, testified to the effect that as many as three hundred persons declared to him their intention of going on the journey. Another witness swore that "a great many" expressed a like intention to him, and this was not objected to. Still another testified to the same effect, and to his testimony no bill of exceptions was reserved. Admitting, then, that the testimony, the admission of which is assigned as error, was illegal, can we say that it in any manner affected the verdict? We think not. The effect of all this evidence was merely to show that a large but indefinite number of persons had intended to join the excursion, and hence to buy the plaintiff's tickets. This was amply proved so far as such testimony could prove it by the evidence which was not objected to, so that we may say with reasonable assurance that if the objection had been sustained the verdict would not have been different. In

such a case the admission of illegal testimony is harmless error. (Moore v. Anderson,˚30 Texas, 224; Barrow v. Philleo, 14 Texas, 345.)

It is complained in the fourth assignment that the court erred in permitting Levy to testify that he purchased tickets from plaintiff. But it is certainly true that if plaintiff made a contract of sale with Levy, by which the latter agreed to take five hundred tickets at one dollar and fifty cents more per ticket than plaintiff was to pay for them, the latter was entitled to recover this profit, less the expense he would have incurred in executing his enterprise. The evidence was clearly admissible.

Fifth assignment of error is as follows: "Because the court erred in charging the jury that plaintiff was entitled to the profits on all tickets plaintiff would have sold." To show that this assignment is not well taken, we need only quote so much of the charge as relates to the measure of damages and the proof required in order to establish the amount: "In case your verdict be for plaintiff for damages, then the measure of damages would be the difference between the amount the plaintiff was to pay the company for each excursionist that would have gone up from Galveston to Dallas * * * with plaintiff's proposed excursion party, and the amount that Hill proposed to take them for, after deducting, however, from such profits the expense that Hill incurred, and the further expenses that Hill would have incurred, in getting up the excursion—that is to say, the net profits that Hill would have made, and which he lost by reason of defendant's breach of contract. And in order to determine with reasonable certainty the number of excursionists that Hill would have obtained for the proposed excursion * * * you must look to the evidence, and, as in cases of this character there can be nothing like absolute certainty in ascertaining the number of excursionists that would have gone up on said day from Galveston and Houston under Hill's auspices, you must not be guided by mere suppositions and possibilities, but must look to and determine from the evidence with reasonable certainty the number that would have gone up from said places as excursionists of Hill." Such is the portion of the charge complained of. It will be seen that it restricts plaintiff's recovery to the amount of net profit that he would have realized on the number of tickets the evidence satisfies the jury with reasonable certainty

he would have sold. This charge is restrictive enough. Profits that were proved with reasonable certainty were not too "indefinite and uncertain" to be recovered as damages.

It seems to us that the jury did not follow the rule laid down by the court, and have awarded speculative damages. The verdict seems to us excessive. But there is no assignment of error upon this ground, and we can not reverse the judgment upon this account. The assignments of error presented in the brief are not well taken, and therefore the judgment will be affirmed.

*Affirmed.*