S. W. SLAYDEN v. MI PALMO.

No. 2501. Decided May 16, 1917.

1.—Evidence—Relevancy—Declarations of Agent—Abandonment of Contract.

Evidence of a general agent of defendant, that, after he had notified defendant that plaintiff repudiated the contract, plaintiff dropped it and never insisted any more on any rights under it, was admitted to show abandonment of the contract by plaintiff. This could be only on the ground that the agent's relation to the transaction was such that failure to insist to him on the contract could be regarded as an abandonment of it. Hence a subsequent declaration by the agent that he would advise his principal to settle with plaintiff was, in view of such relation, admissible in disproof of his testimony as to the contract being abandoned. (Pp. 414-416.)

2.—Same—Harmless Error.

Admission of evidence, though it should be held incompetent, was not ground for reversal where the same fact was proven by another witness without objection taken. (P. 416.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Palmo recovered judgment against Slayden, and it was affirmed on appeal by the latter (151 S. W., 649), who thereupon obtained writ of error.

*George Clark, E. J. Clark, J. E. Yantis,* and *Sleeper, Boynton & Kendall,* for plaintiff in error.—The expression of opinion by a party not a litigant, as to what should be done by one of the litigants under a certain state of facts, is immaterial and highly prejudicial.

*O. L. Stribling* and *Downs & Webb,* for defendant in error.—The evidence was relevant and material on the issue as to the abandonment by

Palmo of the contract sued on, and in rebuttal of evidence introduced by the defendants.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The action was one in damages my Mi Palmo against S. W. Slayden & Co., a partnership of Waco, Texas, for the breach of a written contract executed on November 23, 1897, in the name of the latter firm by T. B. Slayden, a member of the firm as charged, by the terms of which Palmo was to convey a certain farm belonging to him to S. W. Slayden, or to whom Slayden should direct, for a stated consideration. This is the third appeal. The case, on former appeals, is reported in (Civ. App.) 90 S. W., 908, 100 Texas, 13, 92 S. W., 796, and 53 Texas Civ. App., 227, 117 S. W., 1054.

On the second appeal it was held by the Court of Civil Appeals that the transaction to which the contract related was not within the ordinary scope of the business in which Slayden & Co. were engaged, and no right of action could be predicated upon it unless its ratification was established. It was remanded for the settlement of that issue. On the trial following, recovery was had against S. W. Slayden, the effect of the verdict being that he had ratified the contract. The judgment was reversed by the Court of Civil Appeals on the original hearing, but on rehearing was affirmed.

W. H. Lastinger was the general manager both of Slayden & Co. and S. W. Slayden, individually, invested, it appears, with a general authority as to their respective affairs. Slayden was away from Waco when the contract was executed, and most of the time thereafter to the filing of the suit in July, 1901. In the intervening period Lastinger had different dealings with Palmo, in which he acted for the firm or Slayden, some of them having relation to the farm, the subject of the contract. He wrote the contract, itself, though, according to his testimony, T. B. Slayden, alone, acted in the negotiation with Palmo leading to it. It was in proof that following the contract one transaction,—which afterwards failed, for the sale of the farm, in attempted fulfillment and in recognition of the contract as Palmo claimed, was effected partly through him as Slayden's manager or agent. Whatever the exact scope of his powers, he is shown to have sustained a confidential and important relationship to Slayden, and to have been largely entrusted with the management of his affairs.

An important defense in the case was that Palmo had abandoned the contract. Upon this issue Lastinger was a principal witness for Slayden. The abandonment of the contract was sought to be established, in part, by his testimony, to the effect that after he notified Palmo of Slayden's repudiation of it, shortly after its execution, "Palmo dropped it; that he never insisted any more on any rights under the contract, and went on for three years and a half before he brought any suit upon it; and that he had no recollection of Palmo's ever alluding to the contract afterwards, or claiming any right under it."

Judge Richard I. Munroe was Palmo's attorney and represented him in the filing of the suit. He was a witness in Palmo's behalf in rebuttal, and was permitted to testify, over the defendant's objection, that Lastinger, in a conversation had between them concerning the contract, in June, 1899, stated that he would advise Slayden to settle the controversy in the manner then proposed by Judge Munroe. One part of the question to which this answer was made was whether Lastinger stated that "he thought Slayden ought to settle with Palmo under the contract." In detailing, however, the statement made by Lastinger, it was, in substance, that "he would advise" Slayden to make the settlement proposed. The objection urged to the question was that it was immaterial in that opinion of the agent was not admissible for the purpose of impeachment. The admission of this testimony was one of the grounds for the reversal by the Court of Civil Appeals on the original hearing. It is the question upon which the writ of error was granted, and is the only one which we deem it necessary to discuss. Our jurisdiction of the case, we should say, is not governed by the Act of 1913.

On rehearing, the Court of Civil Appeals indicated, though not so affirming, that the testimony was admissible for the purpose of disproving the averment of the defendant in respect to Palmo's abandonment of the contract. It held it to be competent as an admission, since it appeared that Lastinger was the agent of Slayden, invested with plenary powers. It furthermore held that testimony from Palmo to the same effect was admitted without objection, and for that additional reason refused to reverse the judgment. The record does not disclose that any objection was made to the testimony of Palmo to which the Court of Civil Appeals referred. In Slayden's motion for rehearing affidavit was made by his counsel that the Palmo testimony was in fact objected to, and a certiorari was prayed for that the record might be completed in order for this to be shown. The motion was overruled. The prayer for a certiorari was denied,—we assume upon the ground that it was not timely.

We think the answer of the witness was competent in rebuttal of Lastinger's testimony offered by Slayden upon the issue of Palmo's abandonment of the contract. Whether it was admissible upon the issue of ratification, in view of the character of Lastinger's agency, it is unnecessary to determine. That issue was distinct from that of the contract's abandonment. Lastinger's testimony, that after a certain time Palmo never asserted to him any rights under the contract and that he had no recollection of his ever thereafter alluding to it, was relied upon by the defendant as proof that Palmo had abandoned the contract. It tended to establish that defense, and could have been offered for no other purpose. It derived its force as such proof purely from the fact that Lastinger stood in such relation to Slayden as that Palmo's failure to make to him further claim under the contract was tantamount to his abandoning it as against Slayden. Slayden's tender of Lastinger's testimony upon the issue amounted to an affirmance of such relation.

Otherwise, the effect of Lastinger's testimony was that Palmo had merely failed to claim under the contract to one as to whom there could be no reason for its assertion, and to whom, therefore, its affirmation could not·be regarded as in anywise natural or·owing.

If Lastinger represented Slayden to such extent as to render Palmo's failure to make claim to him under the contract competent proof of its abandonment, as Slayden in effect affirmed by the tender of his testimony upon the issue, we think he necessarily stood in such relation to him as to make his own recognition of the contract equally competent rebuttal proof of its continued assertion. Slayden, in other words, could not in our opinion make use of Lastinger as a means of effecting an abandonment of the contract through a failure by Palmo to make claim to him under it, without being· bound, upon that issue, by acts and statements of Lastinger which evidenced his own understanding that, whatever the force of the contract, Palmo still relied upon it. His statement, as testified to by Judge Munroe, was evidence that he recognized that Palmo was still insisting upon the contract. It was in direct rebuttal of his own testimony which had been adduced by Slayden for the purpose of showing that through the nature of his conduct with him Palmo had abandoned it.

Since it· does not appear to have been claimed upon the trial that Lastinger had authority to ratify the contract, the testimony probably should have been limited to the issue of abandonment, had such request been made. But the request was not made.

Aside from this, at a subsequent stage of the trial, Judge Munroe was again placed upon the stand and gave substantially the same testimony, without objection as disclosed by the record. His latter testimony was:

"I started to bring a suit to the October, 1900, term of this court, after we reached the conclusion we could not get any settlement. We (meaning Palmo and himself) talked to Mr. Lastinger, and he said he had conferred with Mr. Slayden and urged a settlement."

Were the testimony discussed incompetent, the admission of this latter testimony without objection precludes a reversal upon its account. It is true that the failure to object to certain testimony furnishes no ground for the admission of similar testimony when properly objected to. McLane v. Paschal, 74 Texas, 27, 11 S. W., 837. But this is a rule for the trial court. Whether an appellate court should reverse a judgment because of the admission of improper testimony, when testimony to the same effect is permitted without objection, is another question. This court has repeatedly ruled that a reversal will not be ordered under such circumstances. Railway Co. v. Hill, 70 Texas, 54, 7 S. W., 659; Railway Co. v. Mackie, 71 Texas, 498, 9 S. W., 451, 1 L. R. A., 667, 10 Am. St. Rep., 766; Letcher v. Morrison, 79 Texas, 241, 14 S. W., 1010; Wallis v. Schneider, 79 Texas, 479, 15 S. W., 492. See, also, 9 Ency. of Evidence, 42. Particularly is this true where the testimony

complained of is unrebutted, as was the condition here, since Lastinger made no denial of the statement testified to by Judge Munroe.

The judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*

Mr. Justice Yantis, being disqualified, did not take part in the decision of this case.