## POINDEXTER v. FIRST STATE BANK OF RICHLAND. (No. 973.)

(Court of Civil Appeals of Texas. Beaumont. May 25, 1923. Rehearing Denied June 13, 1923.)

**1. Guaranty ⬅️38(1)—Fact that holder of note advanced money other than guaranteed to maker of note during period of guaranty, which was repaid, constitutes no defense.**

Where the guaranty of notes was limited to a specified amount and for a specified time, but not confined to a single transaction, the guaranty is a continuing one and the fact that the holder of the note advanced other money to the maker during the period covered by the guaranty, which was repaid, constitutes no defense.

**2. Guaranty ⬅️25(3)—Evidence held sufficient to establish guaranty.**

In an action against the guarantor of a note, where the evidence was that the guarantor authorized the holder of the note to advance the money represented thereon to the maker, if necessary to prevent a prosecution of the maker for failing to account for certain insurance premiums which he had collected as agent, and that the holder of the note believed that the maker would be prosecuted, that there was probability of him going to the penitentiary, *held* sufficient to establish a guaranty of the payment of the note.

**3. Trial ⬅️194(1), 252(1)—Refusal of requested charge on weight of evidence submitting issues not raised held not erroneous.**

It is not error to refuse a requested charge on the weight of the evidence and submitting issues not raised by the evidence.

**4. Appeal and error ⬅️1050(1)—Admission of evidence where similar evidence received without objection held not erroneous.**

The admission of evidence where similar evidence was received without objection from another witness is not reversible error.

Appeal from Freestone County Court; S. W. Robinson, Judge.

Suit by the First State Bank of Richland against T. B. Poindexter. From a judgment for plaintiff, defendant appeals. Affirmed.

Boyd, Bell & Smith, of Teague, and Bryant & Ricker, of Wortham, for appellant.

Richard Mays, of Corsicana, and R. L. Williford, of Fairfield, for appellee.

WALKER, J. In this suit, appellee recovered judgment against appellant upon two notes, one for $100, less a credit, and the other for $179. It pleaded that the notes were executed by one Walthall, and that payment thereof was guaranteed by appellant by the three following letters written by him to appellee:

"First National Bank of Wortham, Texas.

"Jan'y 4, 1912.

"Mr. Tom Cox, Cashier, First State Bank, Richland, Texas—Dear Sir: This is to inform you that I hereby agree to guarantee the payment of any and all amounts now due and owing, or to become due to the First State Bank of Richland, Texas, by Roy Walthall of Richland, Texas, also become surety for and guarantee the payment of any other amounts or advances due by the said Roy Walthall to the said First State Bank, my liability is limited in the above guaranty to the amount of two hundred dollars ($200.00) including amount now due the said First State Bank, if any; and all other advances, and said guaranty shall terminate Jan'y the first, 1913.

"T. B. Poindexter.

"This guaranty is for $200.00 and expires Jan'y the first, 1913."

Second Letter.

"The First National Bank of Wortham, Texas.

"Jan'y the first, 1913.

"Mr. Tom Cox, Cashier, The First State Bank, Richland, Texas—Dear Sir: I have your letter of even date stating that Mr. Roy Walthall is indebted to your good bank to the extent of $150.00.

"It will be all right for you to extend to him the same accommodation the ensuing year up to the amount of $200.00, and I will guarantee the payment of his account up to that amount.

"Tom, I will personally consider it a favor to kinder watch after this account very closely,

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and have him to reduce it, because of the guaranty for $200.00, don't grow lax in having him to pay promptly, and impress him that he should meet his obligations promptly, all of which he may be doing.

"Everybody ought to pay up the first of the year.

"Thanking you for whatever favors shown, beg to remain,

"Yours very truly, T. B. Poindexter."

### Third Letter.

"The First National Bank of Wortham, Texas.

"May 10, 1913.

"Mr. Tom Cox, Cashier, The First State Bank, Richland, Texas—Dear Sir. This is to inform you that I hereby gauarantee the payment of a note executed by Mr. Roy Walthall of this date, not to exceed the sum of one hundred and seventy-five ($175.00) dollars, with interest from this date at the rate of 10 per cent., payable to the First State Bank or order of Richland, Texas.

"This guaranty to continue and hold in force and effect until the first day of Jan'y, 1914.

"T. B. Poindexter."

[1] In explaining why he wrote the first two letters, appellant testified that his brother-in-law, Walthall, was embarrassed financially, and that he asked appellee to advance Walthall some money, as "I wanted him to have a little ready money along during the year if he should need it to support his family." This testimony from appellant, which was in no way controverted, established the fact that his guaranty evidenced by the first two letters was a continuing one. Gardner v. Watson, 76 Tex. 29, 13 S. W. 39. The fact that appellee advanced other money to Walthall during the period covered by the guaranty, which was repaid, constituted no defense. 28 C. J. 953, states the rule:

"Unless the terms of the guaranty confine it to a single sale, where the guaranty is limited to a specified amount, it covers not merely the first goods sold, but all goods sold on credit up to that amount regardless of when sold, and the fact that the principal has made payments in excess of the amount of the guaranty does not affect the guarantor's liability to the extent of his guaranty for a balance due on account."

[2] When the third letter, on which appellee relies to sustain its judgment for the $179, is construed in the light of the intent of the parties, it clearly appears that it covers the $179 note. Upon its face the meaning of that letter is doubtful. While it purports to guarantee the payment of the note for $175, yet it concludes, "This guaranty to continue and hold in force and effect until the first day of January, 1914." Judge Gaines said, in Gardner v. Watson, supra:

"Guaranties, like other contracts, must be construed so as to give effect to the intention of the parties, and if upon their face the intention be doubtful, resort may be had to parol evidence of the situation and surroundings of the parties in order to solve the difficulty."

The parol evidence showed that Walthall had failed to account for certain insurance premiums which he had collected as agent, and that he was being threatened with criminal prosecution unless he repaid that money. Appellant did not want him prosecuted, but for fear that Walthall would not repay him, did not want to advance the money directly to Walthall, but asked appellee, as a personal favor to him, to protect Walthall's interests, and if necessary to prevent a prosecution, to advance him the money. The third letter was accompanied by another letter, written by appellant to appellee's cashier, in which he instructed appellee not to advance the money unless it was necessary to prevent a prosecution. Upon receipt of the two letters, Mr. Cox investigated the facts and reached the conclusion and expressed it to appellant that Walthall would not be prosecuted. However, at a subsequent date, the agents of the insurance company renewed their threat of prosecution, and the officers advised Mr. Cox that a prosecution would be instituted if the money was not paid. Believing that Walthall would be prosecuted and that there was a probability of him going to the penitentiary, and construing appellant's letter as authorizing him to advance the money, Cox, as cashier of appellee, loaned Walthall $170, taking his note for $179; the $9 being for interest. Construing appellant's letter by the rule announced in Gardner v. Watson, we think it appears that he guaranteed the payment of the $179 note.

[3] The court did not err in refusing appellant's requested charge, because it was on the weight of the evidence and submitted issues not raised by the evidence. In Waggoner v. Zundelowitz, 231 S. W. 721, the Commission of Appeals said:

"It is elementary that a special charge should be refused unless correct in all its parts. The trial court is under no obligation to separate the correct from the incorrect portions."

See, also, Pullman Co. v. Railway Co. (Tex. Com. App.) 231 S. W. 741.

[4] The evidence of the witness Cox complained of does not constitute reversible error, because similar evidence was received without objection from another witness. Slayden v. Palmo, 108 Tex. 413, 194 S. W. 1103; Railway Co. v. Hill, 70 Tex. 54, 7 S. W. 659; Railway Co. v. Mackie, 71 Tex. 498, 9 S. W. 451, 1 L. R. A. 667, 10 Am. St. Rep. 766; Letcher v. Morrison, 79 Tex. 240, 14 S. W. 1010; Wallis v. Schneider, 70 Tex. 479, 15 S. W. 492.

Affirmed.