**STATE of Texas, Appellant,**

v.

**Percy Lee CURTIS et al., Appellees.**

**No. 4478.**

Court of Civil Appeals of Texas.

Waco.

Oct. 27, 1966.

Rehearing Denied Dec. 22, 1966.

Waggoner Carr, Atty. Gen., Robert C. Patterson, Asst. Atty. Gen., Austin, for appellant.

Martin & Martin, Hillsboro, Leslie King, Austin, for appellees.

## OPINION

WILSON, Justice.

■ In this eminent domain case condemnor's appeal presents a dozen points concerning admission and exclusion of evidence. The first complains of testimony of the land owner that undesirable persons came uninvited to his home from the newly constructed highway. The error in admitting the evidence was waived. Other testimony of plaintiff to the effect that "we had other difficulties such as undesirable people traveling on the road and breaking down and coming in the house at all times of the night" was admitted without objection. Wallis v. Schneider, 79 Tex. 479, 15 S.W. 492; Rowe v. Liles, Tex.Civ.App., 226 S.W.2d 253, 255, writ ref., and authorities cited.

■ Plaintiff and other witnesses were permitted, over appellant's objection, to testify as to a sale of another 231 acre tract of land for $31,743, and to then express an opinion as to the value of three gravel-bearing acres of this tract (said to be comparable to a portion of the 22 acres condemned) as being $1500 to $1700 per acre. This was clearly error. It would have been permissible to show a sale of comparable property, and the consideration; but to permit witnesses to segregate a portion of the tract asserted to be comparable and attribute a value to that portion is to concoct a standard of comparison and thereby reduce opinion evidence to a guess on an artificial basis. An actual transaction is not then at all the measure offered.

Our problem concerning this, and other errors in the case, is whether they probably resulted in rendition of an improper judgment.

■ There was opinion evidence from three witnesses, not objected to, that the gravel-bearing portion of appellees' land had a value of $4000 to $5000 per acre, a total value of from $38,000 to $52,000 for approximately 9½ acres. The jury found the value of the entire tract condemned to be only $32,000—more than $12,000 less than the average value, which though strongly controverted, was testified to by appellees' opinion witnesses. There was opinion evidence of the quantity and value of gravel in place. These, and other factors in the entire record convince us that we are not justified in holding the error to be reversible. In our opinion, for the same reason, the further error in admitting evidence of the reproduction cost of the 40-year-old house on appellees' farm is not reversible under the entire record. Turner v. Turner, Tex., 1965, 385 S.W.2d 230, 238.

■ Error is assigned to the overruling of condemnor's motion to strike all the evidence of the witness Baker as to damage on the ground he considered increased

insurance rates. Appellant objected "to this element of damage" concerning insurance rates, and the court did instruct the jury not to consider this portion of the testimony. In such state of the record it was not reversible error to refuse to strike his entire testimony.

Condemnor presents four points arising from new trial proceedings. On the trial appellee, over objection, testified concerning a sale consummated during the trial, of two acres of his farm, which contained gravel, for $3,150 per acre. He testified that negotiations for the sale had been in progress for 1½ years, but the sale had not been effected because of lack of means of ingress and egress. On the next day of the trial condemnor moved to strike testimony concerning this transaction because it was three years after the date of taking, and condemnor was surprised by evidence of a sale which took place during the trial. The trial judge, after a hearing in the absence of the jury, sustained condemnor's motion to strike. Recalling the jury, he twice instructed emphatically that the evidence should not be considered.

■ Appellant's preliminary point complains of the admission of the evidence. The instructions by the court cured any error in its admission. Galveston, H. & S. A. Ry. Co. v. Duelm, 86 Tex. 450, 25 S.W. 406; Church v. Waggoner, 78 Tex. 200, 14 S.W. 581; Walker v. Texas Employers' Ins. Association, 155 Tex. 617, 291 S.W.2d 298.

In its motion for new trial the State alleged as newly discovered evidence that the sale testified to was fabricated and not bona fide, attaching to the motion the affidavit of an assistant State auditor concerning alleged bank records of the payment and source of the consideration claimed. The State obtained a commission to take the oral depositions of the interested parties, but on appellees' motion to quash, it was ordered they be taken only on written interrogatories. No deposition on written interrogatories was sought to be taken. Subpoenas were issued to require production of pertinent records and attendance of witnesses. The witnesses appeared and were sworn by the court at the time appointed for the hearing on the motion for new trial. For reasons unnecessary to recite the court declined to hear evidence on the motion and overruled it, refusing to permit the State to offer evidence on its bill to show what the evidence on the motion would be. A bill of exception was approved showing a statement by appellant as to what it expected the proof to be.

■ Irrespective of whether this procedure would ordinarily reflect error, had the evidence tendered been admissible or material, it was evidence which would have served only for impeachment of appellee as to his testimony which had been struck from the record, and which the jury had been instructed not to consider. Such impeachment evidence, the purpose of which is to discredit the witness, is not such newly discovered evidence as will justify the granting of a new trial. Scranton v. Tilley, 16 Tex. 183, 193; Houston City St. Ry. Co. v. Sciacca, 80 Tex. 350, 16 S.W. 31; Conwill v. Gulf C. & S. F. Ry. Co., 85 Tex. 96, 19 S.W. 1017; Al Parker Securities Co. v. Lyons, Tex.Civ.App., 28 S.W.2d 950, writ ref. and cases cited; 41 Tex.Jur.2d Sec. 120, p. 303.

Each of appellant's primary points has been fully considered and all are overruled.

■ We have given consideration, also, to the point that even if those points which present error do not show the errors to be reversible, their cumulative effect warrants reversal. The trial of this case consumed much of two weeks. The six-volume record shows a hotly-contested case which tested the best efforts, abilities and patience of the trial judge who carefully attempted to require that the case be fairly presented to the jury. In our opinion the record as a whole does not show that the cumulative effect of the errors probably caused rendition of an improper judgment.

Affirmed.