**Linda Jo FABIAN, Appellant,**

v.

**Larry Paul FABIAN, Appellee.**

**No. 3-88-059-CV.**

Court of Appeals of Texas, Austin.

Jan. 25, 1989.

Fancy H. Jezek, Killeen, for appellant.

David Greenfield, Blanks, Greenfield, Mewhinney & Rhodes, Temple, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

ABOUSSIE, Justice.

This is an appeal from a divorce decree dissolving the marriage of the parties and appointing appellee managing conservator of their minor child. We will affirm the judgment.

Appellant Linda Jo Fabian complains in two points of error that the trial court erred in admitting evidence of her extra-marital relationships with Elgin Young, Jr., and with Donie McLean "as that information was derived from the use of an illegal wiretap." She does not otherwise attack the trial court's judgment or the sufficiency of the evidence to support the jury's verdict on which judgment was rendered.

On January 21, 1987, appellee Larry Paul Fabian filed for divorce and sought custody of the couple's only child. Appellee continued to reside in the home for several weeks thereafter. Appellee admitted at trial that he attached a recording device to the telephone in the family residence, without appellant's knowledge or consent, which operated from approximately December 23, 1986, to February 11, 1987. Appellee gave his attorney numerous cassette tapes of telephone conversations during this period of time, which appellant subsequently obtained through discovery. None of the tapes were admitted for the jury's consideration. Appellant prepared transcripts of the tapes, but concedes that one could not determine when or in what order the conversations took place. The transcripts and tapes were not tendered for the trial court's review until the hearing on the motion for new trial, which the court denied.

Appellant complains that appellee's conduct constituted an "unlawful interception, use, or disclosure of wire or oral communications" in violation of Tex.Pen.Code Ann. § 16.02 (Supp.1989). She further asserts that Tex.Code Cr.P.Ann. art. 18.20, § 2 (Supp.1989) provides that "the contents of an intercepted communication and evidence derived from an intercepted communication may not be received in evidence in any trial...." Therefore, appellant argues, the trial court erred by admitting any evidence of her relationship with Young and McLean because appellant derived that information by means of his "illegal" wiretap. To reach this result, appellant necessarily asks this Court to assume that appellee's actions constituted an unlawful interception, that the questioned evidence was derived from the interception, that it was inadmissible, and that the admission of the evidence constituted reversible error. We cannot make

that determination on the record in this case.

We note first that the record does not reflect that appellee was charged or convicted of any offense under § 16.02. Because of our disposition of the points of error, we do not reach the question whether the Texas wiretap statute applies between spouses in a divorce case or whether evidence thus distastefully obtained is barred from admission.

Throughout the trial, appellant complained on several occasions that information derived by appellee from the wiretap on her telephone was inadmissible. Numerous hearings were held outside the presence of the jury on the issue. On virtually every occasion, the trial court sustained appellant's position. The case was tried on the basis of his ruling that no information derived by appellee solely as a result of the recording device he placed upon appellant's telephone would be admitted. The trial court admitted evidence upon the representation that it was not derived from the wiretap. We must assume, in the absence of any findings, that the trial court determined that the challenged evidence was not derived solely from the wiretap and was admissible.

Appellant was called to testify and admitted at trial, as she had in her depositions, that she had engaged in extra-marital sexual activity with both Young and McLean during her marriage and that both men also were married at the time. Young and McLean each testified at trial.

In a civil case, error in the trial shall not be grounds for reversal unless the trial court's error of law amounted to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause rendition of an improper judgment. Tex.R.App.P.Ann. 81(b) (Supp.1988). Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected. Tex.R.Civ.Evid.Ann. 103 (Supp.1988). Questions concerning the admissibility of evidence properly belong to the province of the trial court. A court shall determine the admissibility of evidence and may admit it conditionally "upon or subject to the introduction of evidence sufficient to support a finding of the fulfillment of that condition." Tex.R.Civ.Evid.Ann. 104 (Supp. 1988). Appellant does not dispute that evidence of a spouse's extra-marital misconduct may be relevant in a divorce action, especially in a determination as to which parent should be named managing conservator in order to serve a child's best interest. She concedes that the disputed evidence would be admissible but for its being obtained and intercepted by the means employed. Therefore, even assuming appellant is correct as to the law, the question is whether there was sufficient evidence from which the trial court could reasonably determine that the challenged evidence was derived solely from the recording of appellant's conversations.

■ The record reflects that appellee became suspicious that appellant was romantically involved with another man in the summer of 1986 due to her change in conduct and personal habits. He hired an investigator to follow her. Appellee testified concerning other reasons for his suspicions that his wife was having an affair, probably with Young. Appellee testified that he discovered unexplained mileage on appellant's car odometer, and when he drove that number of miles from his house, he arrived at the Inn 7, a motel in Belton. An investigator followed appellant to the Inn 7 once during October. On several occasions appellee confronted his wife and demanded to know if she had been having an affair. He also questioned her friends. One such friend told appellee that his wife was interested in someone with whom she worked. He found a check she had written to Young and a card Young had given her signed with his name. Both Young and appellant worked at the Veteran's hospital. Virtually all of this took place or became known before appellee placed the recorder on appellant's telephone. On the day appellee placed the device on the telephone, he relayed this information to his investigator, who went to the motel and found records that Young had registered there on several occasions. The last visit took place

before December 23. Appellee denied that he derived information of appellant's affair with Young by means of the recording.

■ Young testified at trial that he met appellant at the motel where they engaged in sex on four different days. Appellant did not object to Young's testimony on the basis that the evidence was derived from the wiretap, but only that it was cumulative and prejudicial. It is well-settled that a complaint concerning the admission of improper testimony is waived when testimony to the same effect otherwise is received without objection. *Slayden v. Palmo*, 108 Tex. 413, 194 S.W. 1103 (1917); *Badger v. Symon*, 661 S.W.2d 163 (Tex. App.1983, writ ref'd n.r.e.). In addition, Young testified that on his own initiative he contacted appellee's counsel, after consulting with an attorney concerning the pending divorce litigation, revealed information of the affair, and volunteered to testify at trial in appellee's behalf. Based on the record, we cannot say that evidence of appellant's affair with Young was derived solely from any information obtained by means of the recording device on her telephone, or that it was inadmissible. Appellant's first point of error is overruled.

■ In her second point of error, appellant complains that the trial court erred by admitting testimony of her relationship with McLean, again on the basis that it was derived from "an illegal wiretap." Appellee testified that he found a card with the initials "DM" and a phone number in appellant's personal effects, that he called the number and talked to McLean on the pretense that he was doing a survey and discovered through this call that McLean also worked at the VA hospital. He suspected McLean might be appellant's paramour, but he admitted that the fact was confirmed to him by information obtained on the tapes. Both appellant and McLean testified that they met one another at a motel on one occasion.

■ Even assuming that evidence of appellant's one meeting with McLean was derived from the tapes and thus inadmissible according to appellant's argument, such error would not be reversible except upon a finding that a substantial right of appellant was affected and that the error amounted to such a denial of appellant's rights as was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Bridges v. City of Richardson*, 354 S.W.2d 366 (Tex.1962); *Best Steel Bldgs. Inc. v. Hardin*, 553 S.W.2d 122 (Tex. App.1977, writ ref'd n.r.e.). We cannot find that to be the case on the record before us.

Just as we cannot hold that the trial court erred by admitting evidence of appellant's affair with Young, a married man, with whom she arranged meetings at a motel on four occasions continuing over a two to three month period, we also cannot say that additional evidence of her one liaison with McLean was the determining factor in the jury's reaching its verdict in appellee's favor. Furthermore, unchallenged evidence unrelated to appellant's involvement with Young and McLean was admitted from which the jury could conclude that it would be in the child's best interest for appellee to be appointed his managing conservator. Several witnesses, including appellee's former wife and a psychologist who counseled the parties, testified in appellee's behalf. While there is disputed evidence concerning the parties' abusive conduct toward one another and of appellee's demeaning attitude toward appellant, the record also contains unflattering testimony indicating appellant's indifferent relationship with her child. The evidence suggests that she did not spend time with him when she could, that she put her personal concerns above his interest, that she considered placing him for adoption, that she left the child more than was necessary with sitters, and that she did not assume responsibility for him as she should. The record also showed, among other things, that appellee was the parent with primary child care responsibility, that he kept the child five nights a week while the divorce was pending, that appellant sometimes delivered the child to appellee earlier than necessary, and that the child's best interest would be served if he lived with his father.

Despite conflicting evidence as to which parent was better suited to be named the child's managing conservator, there was evidence to support the jury's verdict and, in light of the record as a whole, appellant has failed to show that the admission of the challenged evidence caused rendition of an improper judgment. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.