[No. 9613. In Bank.—February 10, 1897.]

THE UNITED STATES, RESPONDENT, v. M. CROOKS ET AL., DEFENDANTS. A. A. COHEN, APPELLANT.

APPEAL FROM JUDGMENT — LIMITATION — DISMISSAL. — An appeal from a judgment, taken more than one year after its entry, must be dismissed.

NEW TRIAL—SERVICE OF NOTICE OF INTENTION—ADVERSE PARTIES—CODEFENDANTS—JURISDICTION—APPEAL.—A notice of intention to move for a new trial must be served upon all adverse parties including codefendants whose interests may be adversely affected by the granting of a new trial; and where the notice is not served upon such codefendants, but only upon the plaintiff, the court has no jurisdiction to grant a new trial, and an order denying it will be affirmed upon appeal.

ID.—CONDEMNATION OF LAND FOR TIDAL CANAL—ENTIRETY OF JUDGMENT AGAINST SEVERAL OWNERS—CODEFENDANTS ADVERSE PARTIES TO MOTION OF ONE DEFENDANT.—Where a strip of land belonging to several owners was sought to be condemned by the United States, for the purpose of constructing a tidal canal, and judgment was rendered condemning the entire strip and awarding damages to each of the defendants for the value of their respective parcels of land so condemned, such judgment is an entirety, which each defendant is interested in maintaining as such, in order to secure the damages awarded for his land, which cannot be received unless the whole strip can be made available for the canal; and upon motion for a new trial made by one of the defendants, his codefendants are adverse parties, whose rights would be impaired by a new trial, and must be served with the notice of intention.

MOTION in the Supreme Court to dismiss an appeal from a judgment of the Superior Court of Alameda County and from an order denying a new trial. N. HAMILTON, Judge.

The facts are stated in the opinion of the court.

*A. A. Cohen, in pro. per.*, and *Garber, Thornton & Bishop*, for Appellant.

*Samuel G. Hilborn, Walter Van Dyke, William Craig*, and *H. S. Foote*, United States Attorney, for Respondent.

The appeal ought to be dismissed because of the failure of appellant to serve notice of appeal on his codefendants who were "adverse parties" within the meaning of section 940 of the Code of Civil Procedure. (*Hildreth* v. *Gwindon*, 10 Cal. 491; *Franklin* v. *Reiner*, 8 Cal. 341; *Whipley* v. *Mills*, 9 Cal. 641; *Hastings* v. *Halleck*, 10 Cal. 31; *Heinlen* v. *Heilbron*, 94 Cal. 636; *Warren* v. *Hopkins*, 110 Cal. 509; *Senter* v. *De Bernal*, 38 Cal. 637, and cases cited; *Reed* v. *Allison*, 61 Cal. 461; *O'Kane* v. *Daly*, 63 Cal. 317; *Williams* v. *Santa Clara Min. Assn.*, 66 Cal. 195; *Butte County* v. *Boydstun*, 68 Cal. 189; *In re Castle Dome Min. etc. Co.*, 79 Cal. 248; *Harper* v. *Hildreth*, 99 Cal. 267; *Randall* v. *Hunter*, 69 Cal. 81; *Foley* v. *Bullard*, 97 Cal. 516.) It is not too late to take advantage of failure to serve notice on adverse party at the hearing. (*In re Castle Dome Min. etc. Co.*, *supra*.)

HARRISON, J.—The United States brought the present action against the appellant and many other defendants for the condemnation of a strip of land lying between the San Leandro and San Antonio estuaries for the purpose of constructing a tidal canal by which to turn the water from San Leandro Bay or estuary into the head of San Antonio estuary. The complaint contains a description of the strip of land sought to be condemned, and also separate descriptions of the portions thereof belonging to each of the defendants, of which three are alleged to be claimed by the appellant. The superior court rendered a judgment in favor of the plaintiff for the condemnation of the entire strip, and awarding damages to each of the defendants for the value of their respective parcels of land so condemned. The appellant moved for a new trial, and the same was heard upon a statement of the case and denied. From this order and also from the judgment he has appealed.

The appeal from the judgment was taken more than one year after its entry, and must therefore be dismissed.

The appellant's notice of intention to move for a new trial was served upon the plaintiff alone, and also his notice of appeal from the order denying a new trial was served upon the plaintiff alone, and was not served upon any of his codefendants.

In *Herriman* v. *Menzies*, 115 Cal. 16, it was held that a failure to serve the adverse party with the notice of intention to move for a new trial is attended with the same results before the superior court as attend the failure to serve the adverse party with a notice of appeal when the matter is brought before the supreme court. It was said in that case: " Section 659 of the Code of Civil Procedure requires that the party intending to move for a new trial shall ' serve upon the adverse party a notice of his intention.' The ' adverse party' upon whom this notice is to be served is determined by the same rules as is the 'adverse party' upon whom a notice of appeal is to be served, viz., every party whose interest in the subject matter of the motion is adverse to or will be affected by the granting of the motion or changing the former decision of the court; and a failure to serve such adverse party with the notice of an intention to move for a new trial will be attended with the same consequences as a failure to serve an adverse party with a notice of appeal from the judgment. The superior court can have no jurisdiction to re-examine an issue of fact that it has tried, and change its decision thereon, unless all the parties to the issue and former decision are properly before it." The same principle was declared in *Wittenbrock* v. *Bellmer*, 62 Cal. 558. The " adverse party" is every party to the action, whether plaintiff or defendant, whose interests may be injuriously affected by a reversal or modification of the judgment or order appealed from.

By the judgment in the present case the lands of each of the several defendants, as well as those of the appellant, were condemned for the use of a tidal canal between the two estuaries, and this judgment has become final as to all the lands condemned, and also as to

the amount of damages which each defendant is entitled to receive, except as to the appellant. The effect of a reversal of the order appealed from would be to set aside the judgment against the appellant, but would leave it in force as between the plaintiff and the other defendants. This would result in rendering futile the condemnation of the lands of the other defendants, since, unless the lands of the appellant are also condemned, the public use for which the judgment of condemnation was rendered—the construction of the tidal canal—and the defendants' right of passage through the same, could not be made available. The judgment for the condemnation of the strip of land described in the complaint was an entirety, and each defendant is interested in maintaining it as an entirety. A reversal as to a part would impair the rights therein which the other defendants have acquired, since, unless all the lands within this strip can be made available for a tidal canal, the plaintiff would have no right to divest any of the owners of their lands, or the defendants to receive damages therefor. Each of these defendants is, therefore, an adverse party, who should have been served with the notice of intention to move for a new trial. As they were not before the court at the hearing of this motion, the court had no jurisdiction to grant a new trial, and the motion therefor was properly denied. In *Butte County* v. *Boydstun*, 68 Cal. 189, a judgment was given for the condemnation for a public highway of a strip of land belonging to several defendants. Boydstun appealed therefrom, but did not serve his notice of appeal upon his codefendants. This was held to be fatal to his appeal, since, by a reversal of the judgment, his codefendants might be injuriously affected, and they were, therefore, to be considered as adverse parties.

The appeal from the judgment is dismissed. The order denying a new trial is affirmed.

VAN FLEET, J., McFARLAND, J., TEMPLE, J., and HEN-SHAW, J., concurred.