## BARTON *v.* YOUNG.

(152 Pac..876.)

**Appeal and Error—Notice of Appeal—Persons upon Whom Notice Should be Served—"Adverse Party."**

1. In a suit to foreclose laborers' liens on mining claims, plaintiff named as defendants, in addition to the owner and a lessee of the claims, parties alleged to have liens thereon subsequent in time and right to plaintiff's claim, one of whom answered, denying some of the averments of the complaint and asking the foreclosure of his lien. On motion of the owner of the claims, the court struck out all of the items alleged in the complaint, and plaintiff appealed from the decree, but served his notice of appeal on none of the defend-

ants except such owner. *Held* that, under Section 550, L. O. L., providing that if an appeal is not taken at the time of the decision, order, judgment or decree is rendered or given, the party desiring to appeal may cause a notice to be served on such adverse party or parties as have appeared, the Supreme Court did not acquire jurisdiction of the appeal, since an "adverse party," within the statute, is every party to an action, suit or proceeding whose interest in respect to the final determination rendered therein is or might be in conflict with a modification or reversal of the decision, order, judgment or decree.

From Malheur: DALTON BIGGS, Judge.

This is a suit to foreclose alleged laborers' liens. From a decree of the lower court favoring defendants, plaintiff appeals. Respondents now move to dismiss the appeal. APPEAL DISMISSED.

*Mr. William H. Brooke* and *Mr. Ralph W. Swagler,* for the motion.

*Mr. George W. Hayes, contra.*

In Banc. Opinion by MR. CHIEF JUSTICE MOORE.

This is a motion to dismiss an appeal. A suit was commenced by T. A. Barton against F. O. Young, N. J. Minton, John Carpenter and J. W. Sheridan to foreclose alleged liens. The plaintiff's claim in his own right was for boarding laborers who were employed in operating mining claims in Malheur County, Oregon, amounting $485.05. His other demand was for labor performed by such employees, amounting to $1,068.40. The complaint gave the names of such laborers, the number of days each was employed, and the wages he was to receive therefor. In referring thereto and to the plaintiff herein, the complaint reads:

"That said claims and accounts for the labor performed by the said individuals, and each of the said individuals, have been assigned to this claimant prior to the filing of this lien."

Another clause of the initiatory pleading is as follows:

"That the said defendants John Carpenter and J. W. Sheridan are lienholders against the said property, and by reason thereof claim some rights and interests therein, but that the claims of said defendants are subsequent in time and right to the claim of this plaintiff."

Carpenter's answer denied some of the averments of the complaint and for affirmative relief set forth his alleged lien against the same mining claims, amounting to $279.75, and prayed foreclosure, etc. Minton, the owner of the mining claims, answered Carpenter's cross-complaint denying many averments thereof. For a separate defense he alleged that by a written lease he demised the real property sought to be encumbered to Young, who covenanted that he would pay all indebtedness incurred in operating the mines, which lease was duly recorded in that county, July ——, 1914; that on September 9th of that year, and while Young was operating the mines, Minton caused to be put up thereon notices, specifying the time and place of such posting, as provided in Section 7444, L. O. L., warning all persons that he would not be responsible for any debt contracted by the lessee, in the operation of the mines under the lease; and that Carpenter had notice and knowledge of such warning before performing any work in, on, or at the mines. The prayer of the answer is that the cross-complaint be dismissed. Carpenter's reply controverted the averments of new matter in such answer. Minton thereupon moved to strike from Barton's complaint all averments of his individual claim of $485.05, on the ground that the items thereof were nonalienable under the statute of this state. He also moved to strike from such complaint all allegations therein relating to causes so assigned

to Barton, for the reason that the right to a lien was personal and a transfer of a claim did not empower the assignee to perfect a lien therefor. This motion was allowed, and Barton undertook to appeal from such decree by addressing his notice therefor, "To N. J. Minton one of the above-named defendants," and to his attorneys, naming them, one of whom acknowledged in writing the service of a duly certified copy of such notice. An undertaking on appeal was given, served, and filed, and, a transcript having been sent up, the motion first referred to herein was interposed on the ground that, since the notice of appeal was not served on all parties who might be injuriously affected by a reversal or modification of the decree, jurisdiction of the cause has not been secured by this court.

The statute regulating the procedure in such cases reads:

"Any party to a judgment or decree other than a judgment or decree given by confession, or for want of an answer, may appeal therefrom. The party appealing is known as the appellant, and the adverse party as the respondent": Section 549, L. O. L.

"If the appeal is not taken at the time the decision, order, judgment, or decree is rendered or given, then the party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place in the state, and file the original, with proof of service indorsed thereon, with the clerk of the court in which the judgment, decree, or order is entered": Section 550, L. O. L.

An "adverse party," within the meaning of this statute, is every party to an action, suit or proceeding whose interest, in respect to the final determination rendered therein, is or might be in conflict with a modification or reversal of the decision, order, judgment,

or decree so given or rendered: *Lillienthal* v. *Caravita,* 15 Or. 339 (15 Pac. 280); *Hamilton* v. *Blair,* 23 Or. 64 (31 Pac. 197); *The Victorian,* 24 Or. 121 (32 Pac. 1040, 41 Am. St. Rep. 838). In *Lane* v. *Wentworth,* 69 Or. 242, 245 (133 Pac. 348, 349), Mr. Justice Burnett, discussing this subject, says:

"It has constantly been determined by this court that, although parties are both plaintiffs or both defendants, yet if an appeal would unfavorably affect the rights of one of them, as determined by the decree appealed from, he is an adverse party as respects his coplaintiff or codefendant, and that the jurisdiction of this court depends upon service of the notice upon all such parties"—citing many Oregon decisions on this subject.

The plaintiff's counsel, contending that the notice of appeal herein was sufficient, relies upon the case of *Watson* v. *Noonday Mining Co.,* 37 Or. 288 (55 Pac. 867, 58 Pac. 36, 60 Pac. 994). That was a suit to foreclose a lien upon a mining claim. The John A. Roebling's Sons Company, a foreign corporation, was made a defendant; the complaint charging that it had or claimed some interest in the premises, but that its right thereto was inferior to the plaintiff's lien. That corporation answered denying such averment and alleging facts showing it had a valid lien against the property, which encumbrance it was asserted was superior to Watson's. The mining company answered putting in issue the validity of such liens. A trial being had resulted in a decree foreclosing both liens. The Noonday Mining Company appealed, but it was insisted that the service of the notice upon the foreign corporation was insufficient to confer jurisdiction, and motion was interposed to dismiss the appeal on that ground. The motion was denied, the court holding

that the Roebling's Sons Company was not an adverse party, since its interests under the decree could not be affected by a reversal or modification thereof, but that such foreign corporation would be benefited by an alteration of such final determination, for a change of that kind would enhance the value of its security.

In the case at bar, since the plaintiff's alleged liens were not foreclosed but were determined invalid, a reversal or modification of the decree will not benefit either of the other parties who were not served with the notice of appeal, but such change must necessarily result in a detriment to each.

The notice in question not having been served on all the adverse parties, this court never secured jurisdiction of the appeal, and hence it is dismissed.

APPEAL DISMISSED.