CITY OF HOUSTON, Appellant,

v.

E. HUBER, Appellee.

No. 13202.

Court of Civil Appeals of Texas.

Houston.

March 6, 1958.

Geo. D. Neal, City Atty., Homer T. Bouldin, Senior Asst. City Atty., Houston, for appellant.

Ernest A. Knipp, Houston, for appellee.

WERLEIN, Justice.

This is a condemnation proceeding instituted by the City of Houston against Melva R. Kunze and wife, W. P. Hamblen, E. Huber, C. M. Lenarduzzi and wife, James D. Benz and wife, Midland Mutual Life Insurance Company, and New York Life Insurance Company, as owners and parties interested in a tract of land containing 66,834 square feet, being parts of Tracts "C", "D" and "E", Parkview Subdivision in the City of Houston, Harris County, Texas, to acquire an easement for street purposes upon and across said tracts.

In plaintiff's condemnation statement it was alleged:

"The Plaintiff specially alleges that it is unable to agree with the owners of said land as to the value of the land and the damages in that Plaintiff can not determine the real and true ownership of the said parcel of land or any tract contained therein because of the existence of a patent and apparent conflict in the boundaries affecting the location and area of each of said tracts within said parcel, and that it appears that each of said tracts are owned or claimed by the different parties named as owners and interested parties, Defendants herein. Wherefore Plaintiff

can not agree with any Owner or claimant upon the value of the land and the damages without subjecting itself to the risk of being compelled to pay the said value of the land and the damages twice over."

■ There is no question but that the city had the right to maintain the proceeding upon the basis which it asserted in its condemnation statement. City of Houston v. Culmore, 154 Tex. 376, 278 S.W.2d 825; Houston North Shore R. R. Co. v. Tyrell, 128 Tex. 248, 98 S.W.2d 786, 108 A.L.R. 1508; Davidson v. Texas & N. O. R. R. Co., 29 Tex.Civ.App. 54, 67 S.W. 1093; Rabb v. LaFeria Mutual Canal Co., 62 Tex. Civ.App. 24, 130 S.W. 916, error refused.

The special commissioners appointed by the court filed an award on August 12, 1949, in which they assessed the total amount of damages due all the defendants in the sum of $32,538.80, of which sum $11,684 represented the value of the improvements on the land claimed by defendant, Melva R. Kunze, and wife, and $7,488 represented the value of the improvements on the land claimed by defendant, James D. Benz, and wife. All but three of the defendants filed objections to said award in the County Court at Law of Harris County. Defendant, E. Huber, filed no objection.

On August 15, 1952, appellant tendered to all the defendants and deposited into the registry of the court the total amount of the award made by the special commissioners and subsequently a writ of possession was issued granting appellant possession of the land.

Appellee, E. Huber, filed suit in the District Court of Harris County in trespass-to-try title against the City of Houston and all the other defendants for the purpose of establishing the boundaries of his tract of land. Appellant filed a petition in the County Court at Law in the condemnation proceeding to enjoin appellee from maintaining and prosecuting such trespass-to-try title suit. The temporary injunction pendente lite prayed for was denied by the County Court at Law. The boundaries of the various tracts of land and ownership thereof were finally established or stipulated in said trespass-to-try title suit. Thereafter all of the other defendants were paid and accepted evidently what was considered by them their part of the award. On March 23, 1956, one of the defendants, Melva R. Kunze, filed a motion to sever the cause of action instituted by appellant against appellee E. Huber, from the condemnation suit instituted against the other defendants, alleging that no dispute remained between appellant and the defendants, except Huber. Appellee, E. Huber, opposed this motion, but the court granted same.

After appellant had paid all of the money that had been deposited in the registry of the court to the other defendants with the exception of $3,339.40, appellee, E. Huber, filed a motion praying the court to enter an order directing the clerk to pay over to him the remainder of the deposit held by the clerk in said amount. In this application appellee prayed also that on final hearing he have judgment for the value of the land taken and for damages occasioned to him by reason of severance of such land from the tract owned by him. A few days later appellant filed a motion praying that the court enter the award of the special commissioners as the final judgment of the court. This motion was overruled.

The case was tried with a jury in the County Court at Law. Based upon the jury verdict, the court rendered judgment on May 31, 1957, for appellee in the sum of $13,308.80 as compensation for the land taken, and $8,617.60 as damages to the remaining portion of the land, being a total of $21,926.40, with interest at 6% on $18,528, the difference between the amount remaining on deposit in the registry of the court and the total amount of compensation and damages found by the jury. Appellant has duly perfected its appeal to this Court.

Appellant's First, Second and Third Points of Error are to the effect that the trial court erred in overruling appellant's motion to enter as the judgment of the court the award of the special commissioners of 20 cents per square foot for the 16,636 square feet of appellee's land taken in the condemnation proceeding, since appellee E. Huber did not within 10 days after the award of the special commissioners file any objection thereto.

Although in its First Point of Error appellant states that the special commissioners awarded 20 cents per square foot for the 16,636 square feet taken in the condemnation suit by appellant of appellee's land, the award of the commissioners does not state that 20 cents per square foot was awarded for any of the land taken. Both in the statement filed by appellant and in the award made by the commissioners it was substantially stated that it was impossible to determine among the various defendants the ownership of the property. The commissioners were unable to apportion the damages among the defendants and merely awarded the total amount of $32,538.80 to all of them together. Manifestly it was impossible for the court to determine what each defendant should receive until after the trespass-to-try title suit had been concluded. Certainly it was impossible for the court to determine if all of the land of the defendants was not taken, what damages, if any, would result to the land that remained, until the boundaries of the tracts, the ownership thereof, and the amount of land taken from each defendant had been established.

It is our opinion that in view of the conflicting interests between the defendants, each of them as to the others was an adverse party. Therefore, unless citation was waived it was necessary for those objecting to the award to cite each and all of the other adverse owners as adverse parties in accordance with Article 3266, Sec. 6, Vernon's Ann.Tex.St. Since the amount of the award was in a lump sum and all of the defendants had an interest therein and such interests were in conflict, the County Court could not determine the amount due each defendant and finally dispose of the case without exercising jurisdiction over the entire controversy and over all the parties. Hence, it seems quite clear that when any one of the defendants filed objections to the award made by the commissioners, the effect was to confer jurisdiction upon the County Court at Law and to remove the entire case to such Court. The filing of objections to the award by any one of the defendants would, therefore, inure to the benefit of all of the defendants because of their conflicting interests and the fact that notice would have to be given to each and all of them unless waived. Appellee Huber was not cited but he did make his appearance in Court, thereby waiving citation. See Texarkana & Ft. S. Ry. Co., v. Brinkman, Tex.Civ.App., 288 S.W. 852, affirmed Tex.Com.App., 292 S.W. 860.

We have concluded that the Court properly refused to enter the award of the commissioners as its final judgment as to appellee Huber. The award was superseded by the filing of objections and appeal. While we have not found any case directly in point, we are of the opinion that the authorities amply support our conclusion.

In the case of City of Houston v. Culmore, 154 Tex. 376, 278 S.W.2d 825, 829, the Court was confronted with the problem as to the right of the respondents to recover consequential damages in the event it was determined that the right of way took only a portion of their land. The Court stated:

> "Since it was impossible to ascertain the amount, if any, of such damages upon the trial of this case, we hold that after titles and boundaries have been established by the district court, if an issue remains as to the right of respondents to consequential damages, that issue may yet be de-

cided by the county court. The law must be construed as having sufficient flexibility to permit that practice. While it is not desirable to try cases piecemeal, it is not possible to preserve the certain right of the City to condemn and also the equally certain right of respondents to consequential damages in any other way than by such trial."

In that case the value of the land taken was not involved but only consequential damages to the part of the land remaining, whereas in the instant case both the value of the land taken and consequential damages to the remaining portion of the land are in controversy.

The case of Ft. Worth & D. S. P. R. Co. v. Judd, Tex.Civ.App., 4 S.W.2d 1032, 1035, writ dismissed, while not directly in point, contains by way of dictum the following quite pertinent language:

"So the sole question involved in the appeal of Judd is the amount of his compensation, in which the tenant had no interest. It may be conceded that, if the award appealed from had not apportioned the damages between the landlord and tenant, then the appeal of one would have resulted in transferring the entire controversy, as between all parties, to the county court."

In the case of Acree v. State, Tex.Civ. App., 47 S.W.2d 907, 909, writ dismissed, the commissioners' court of McLennan County filed a proceeding for the condemnation for highway purposes of land owned by one Fred Acree. The Federal Land Bank of Houston and N. M. Gay were each alleged to hold a lien on the property. The special commissioners after due notice to the owner and lienholders, made an award assessing compensation for the land taken and for damages to the remainder of the tract in the total sum of $2,949.25. The award was to appellant Acree, Gay and the Federal Land Bank, jointly, and contained no provision for the distribution of the

sums so awarded. Acree filed objections to the award, but neither of said lienholders did so. No citation on the objections of appellant was issued or served on either of the lienholders and neither of them appeared or participated in the trial of the cause. The County Court entered judgment on the verdict of the jury in favor of appellant, Gay and the Federal Land Bank, jointly, for the sum of $1,463.75. The Court of Civil Appeals stated:

"Were plaintiff in error, Gay, and the Federal Land Bank adverse parties within the meaning of said subdivision of said article? [Art. 3266, sec. 6, V.A.T.S.] Had no objections been filed to the award of the commissioners, judgment would have been entered by the court in accordance with the terms thereof. Both said lienholders would have been by said judgment precluded from resorting to any part of the land taken for the satisfaction of their respective debts, but they would have been entitled to have the full sum of $2,949.25 awarded as compensation applied in satisfaction of such debts according to the priority thereof, to the exclusion of appellant. By the terms of the judgment rendered they are likewise precluded from resorting to any part of the land taken for the satisfaction of their respective debts, but the compensation awarded for such taking is by the terms of such judgment reduced to $1,473.65, less than 50 per cent. of the amount awarded by the commissioners. Such reduction in the amount to be applied in satisfaction of their respective debts necessarily affects them adversely. They were adverse parties and should have been served with citation. Walter Box Co. v. Blackburn (Tex.Civ.App.) 157 S.W. 220, 222, 223, pars. 7 and 8, and authorities there cited; Kosminsky v. Hamburger, 20 Tex.Civ.App. 291, 48 S.W. 1107; Millikin v. Houghton, 75 Cal. 539, 17 P. 641, 642; Butte County v. Boydstun, 68 Cal. 189, 8 P.

835; United States v. Crooks, 116 Cal. 43, 47 P. 870, 871; Moody v. Miller, 24 Or. 179, 33 P. 402; Barton v. Young, 78 Or. 215, 152 P. 876, 877."

It is not necessary for a property owner, objecting to an award of the commissioners in condemnation proceedings, to particularize as to his damages. See Fitzgerald v. City of Dallas, Tex.Civ.App., 34 S.W.2d 682, error refused. It was not necessary, therefore, for the objections filed by any of the landowners to specify the damages sustained by such owner, or by appellee, E. Huber. The language of the statute clearly calls for an original, or de novo, trial and effectually does away with the award altogether. It is not even admissible in evidence upon the issue of damages. See Dueitt v. Harris County, Tex.Civ.App., 249 S.W.2d 636, writ refused.

Appellant's Fourth, Fifth and Eighth Points are to the effect that the court erred in permitting appellee's witness, M. W. Lee, to testify on direct examination, over appellant's objection, as to certain sales, for the reason that said witness did not know of his own personal knowledge about the transactions or the sales prices, and that such testimony was hearsay and inadmissible.

Mr. Lee was well qualified to testify as to values. He had been in the real estate and mortgage loan business in Houston for some twenty-five years and had made numerous appraisals for banks, insurance companies, private individuals and governmental agencies.

Mr. Lee testified as to a tract of land sold by the Bender Estate to the Magnolia Petroleum Company, comparable to the tract condemned in the instant case. When asked on direct examination how he knew what the price paid for the tract was, he stated that he had had a discussion with one of the sellers who was his client. He was permitted to testify as to what the seller told him was the sale price, to wit: $25,000.

He was then asked whether he knew of any other sale of a tract comparable to the condemned tract. He then testified to a tract not on Telephone Road, which he had measured, and which he said was just as comparable to the Huber tract as any other tract. He was permitted to testify, over the objection and exception of appellant, that $5,250, or $1.35 per square foot was paid for such tract of land. His information was from the Court Review, a publication in Harris County.

He was next asked concerning a tract at the northeast corner of Telephone Road and Woodridge Street. He testified it was sold on July 6, 1950, and it was similar to the Huber tract. It was also vacant land. The general characteristics of the tract, except as to size, were the same as the Huber tract and it was located about 1,000 feet from the Huber tract. He was asked how he got his knowledge of the sale and he stated that he talked with F. W. (Bert) Wheeler, who was, among other things, a good sized real estate operator in Houston. He got the price, he stated, from Mr. Wheeler himself. Over the objection and exception of appellant, he testified that the price was $15,000 for 10,395 square feet of land, or $1.45 per square foot.

Appellant relies heavily on the case of Wichita Falls, R. & F. W. Ry. Co. v. Cooper, Tex.Civ.App., 235 S.W. 927, 929, no writ history, in which an objection was made to testimony on the ground that it was hearsay. In that case the court stated that in determining the assessment of damages for property actually taken witnesses who qualify themselves as having knowledge of the market value may give their opinion and state circumstances within their knowledge which constitute the bases for such opinions. The court then stated:

"* * * we think it was clearly improper for the witness to give as original evidence the statement of what Mr. Davenport told him or what he had heard was the asking price of the lots, or of the price Mr. Williams was will-

ing to give for three acres of the Cooper land in an exchange of properties. It was clearly hearsay and misleading. * * *

"We know of no case that has gone so far as to hold that as original evidence of market value the witness may state, as did the witness Brashier, the asking price of an individual owner of lots, especially when no evidence is offered showing the open market sales of lots at the prices asked. * * *"

It is apparent that the court in that case held the testimony to be incompetent because the witness related only what the owner's asking price was for the land and what someone was willing to give in an exchange of properties. Such case is clearly distinguishable from the instant case.

■ It will be noted that in the present case, in each instance when there was an objection made by appellant to the alleged hearsay testimony, the attorney for appellee stated that the testimony was being offered for the purpose of showing the basis on which the witness arrived at his conclusions. Thus, such testimony was offered for the limited purpose only of showing the basis for the witness's conclusions as to the value of appellee's property.

For an excellent statement concerning the admissibility of hearsay as a basis for testimony as to value, see United States v. 5139.5 Acres of Land, in Aiken and Barnwell Counties, S. C., Tract No. D–308, 4 Cir., 200 F.2d 659. See also City of Houston v. Collins, Tex.Civ.App., 310 S.W.2d 697.

In Cole v. City of Dallas, Tex.Civ.App., 229 S.W.2d 192, 197, writ refused, n. r. e., the court held that a witness's testimony will not be excluded merely because it is based upon what is usually regarded as hearsay. Of particular significance is the statement set forth in the concurring opinion and quoted with approval from McCor-

mick and Ray, Texas Law of Evidence (1937 Edition), Sec. 386, as follows:

"It is the general rule that an expert witness having testified to an opinion, is permitted to give in evidence, either in direct or cross-examination, an account of the basis upon which he founds the opinion. If this testimony happens to be competent for that purpose it is admissible as independent evidence upon the issues in the case, but even though not so competent, it is still admissible as giving the basis for the previous opinion testified to and thereby enabling the jury to test the value of the opinion evidence."

See also Aronoff v. Texas Turnpike Authority, Tex.Civ.App., 299 S.W.2d 342; Housing Authority of City of Dallas v. Hubbard, Tex.Civ.App., 274 S.W.2d 165, and North East Texas Motor Lines v. Hodges, Tex.Civ.App., 141 S.W.2d 386, affirmed 138 Tex. 280, 158 S.W.2d 487, citing numerous authorities.

It will be noted that appellant's witnesses testifying as to values also relied upon hearsay information. Appellant's expert witnesses gave evidence of sales of other property comparable to that condemned. As stated in Cole v. City of Dallas, Tex.Civ. App., 229 S.W.2d 192, 195:

"Hence if it was error for the trial court to admit the objectionable testimony of the witness Bale, the admission of similar testimony by appellants rendered such error harmless. 'It seems to be well settled that a judgment should not be reversed because of the admission of improper evidence, where other evidence to the same effect was admitted without objection.' Hart v. Harrell, Tex.Civ.App., 17 S.W.2d 1093, at page 1095. Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103; St. Louis A. & T. Ry. Co. v. Mackie, 71 Tex. 491, 9 S.W. 451, 1 L.R.A. 667, 10 Am.St.Rep. 766; Letcher & Moore v. Morrison, 79 Tex. 240, 14 S.W. 1010; Poindexter v.

First State Bank, Tex.Civ.App., 252 S.W. 858; Wolf v. Wolf, Tex.Civ.App., 269 S.W. 488. Furthermore, '* * * no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, * * *.' Rule 434, Texas Rules of Civil Procedure."

Appellant's Points Nos. 10 to 17, inclusive, are mainly to the effect that the trial court erred in refusing to permit appellant's witnesses, Horace Pounds, George McCanse, Claxton Parks and O. L. Eversberg, to testify on direct examination as to the increased value of the remaining portion of Tract D belonging to appellee resulting from the construction of the street on the part of Tract D taken by appellant for street purposes. In our opinion these Points of Error are without merit.

Witness Horace Pounds testified that the remaining portion of Tract D not taken by the city was of the value of $5,386 immediately prior to the taking. He testified that it was of the same value immediately after the city took the other portion of Tract D.

Appellant's witness, Claxton Parks, testified that immediately after the taking the remaining part of the tract was worth $2,693. He testified without objection that immediately after the taking the remaining part was worth at least the same amount.

Appellant's witness Eversberg testified that the remaining part of the tract was worth more money as a result of the improvement. Appellee's objection to this testimony was sustained. However, appellee's counsel did not request that such testimony be stricken or that the jury disregard it. This witness also testified that before the taking, the reasonable cash market value of the property not taken was $3,366.25. He also testified without objection that the value of the remainder would be the same after the taking of the portion used for street purposes.

■ Appellant's witness McCanse was asked whether in his opinion the piece of property remaining that would front on the new Holmes Road would have a benefit over and above the piece of property not fronting on Holmes Road but in that immediate vicinity. An objection was sustained. The appellant did not undertake to show out of the presence of the jury what the witness would have testified to nor did it take a written bill of exception to the exclusion of such testimony. Under the circumstances it would seem that nothing tangible has been properly presented for determination of this Court. See Johnson v. Poe, Tex.Civ. App., 210 S.W.2d 264, ref., n. r. e., and cases cited. See also Rules 372 and 373, Texas Rules of Civil Procedure.

■ We should add, however, that McCanse testified that the value of the remaining tract after the taking was $6,732.50. This testimony was objected to by appellee, and the objection was sustained and the testimony stricken, though no instruction was given to the jury to disregard such testimony. Later, the same witness testified that before the taking the remaining tract was of the value of $4,944.34, and that immediately after the taking it was of the same value. To say the least, the testimony is quite vague. Moreover, when such objection was sustained and the testimony stricken, the appellant did not object nor except to the court's action. Where a party makes no objection to the exclusion of testimony upon the trial, the objection cannot be raised for the first time upon appeal. See D. T. Carroll Corporation v. Carroll, Tex.Civ.App., 256 S.W.2d 429, refused, n. r. e.

We are in accord with the opinion of the Commission of Appeals in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 201, cited by appellant. In that case the Court made the following statement:

"The statute has not defined 'Special Benefits.' It has only undertaken to define community benefits and negatively authorized all other benefits to be taken into account. A finding as to market value would include such benefits, and should do so. It should not include, however, value because of community benefits, and for this reason we have concluded that provision should be made in the charge for excluding such benefits. We think this can be more appropriately done by proper special issues rather than by an instruction of the court."

In the present case the special issues submitted the proper elements to be considered by the jury in determining the value of the land taken and the injury or benefit to the remaining part. The court in Special Issue No. 3 excluded any increase or decrease in value by reason of benefits or injuries received by appellee in common with the community generally and not peculiar to him. There were no objections or exceptions taken to the court's charge.

 Appellant's witness Pounds was asked whether he thought the part of Tract D not taken by the city was benefited by the fact that it had street frontage on the new street. He testified that it was a definite benefit, a special benefit to that piece of property. Appellee objected and the objection was sustained by the court, to which the appellant excepted. This witness had already testified as to the value of the remaining tract both before and after the taking, without objection. It would seem, therefore, that no harm resulted from sustaining appellee's objection, especially since the testimony with reference to benefits was not stricken nor was the jury instructed to disregard the same. Moreover, we do not think the court committed error in refusing to admit the testimony offered because it was apparently predicated upon benefits derived from the construction of the street probably shared in common with the community generally. In any event, since it is not shown by bill of exception what the witness would have testified with reference to the nature and character of the benefits, whether special or shared in common, this Court is not in position to pass upon the same.

We have carefully reviewed the record, and fail to find any reversible error.

The judgment of the trial court is affirmed.