**Opinion issued July 14, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00001-CV

———————————

**PAPPAS RESTAURANTS, INC. AND PAPPAS BAR-B-Q, INC., Appellants**

**V.**

**STATE OF TEXAS, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1043062**

---

## MEMORANDUM OPINION

Appellants Pappas Restaurants, Inc. and Pappas Bar-B-Q, Inc. appeal the trial court's judgment adopting the award of the special commissioners in the underlying condemnation proceeding. In two issues, they contend that the court erred by entering a final judgment "in absence of objection." First, they argue that

they made a timely objection to the special commissioners' award by filing a notice of appearance of counsel, which indicated their intention to challenge the award, and they later filed substantive objections, which they assert related back to the earlier filing. Second, they contend that the deadline for filing objections was tolled by the clerk's failure to send notice of the commissioners' award to their counsel of record. In a third issue, they contend that the court erred by denying their motion for new trial, which challenged the jurisdiction of the special commissioners on the grounds that the State did not strictly comply with statutory notice provisions.

We affirm. The appearance of counsel did not identify any "grounds" for objection, and therefore it did not constitute a "statement of objections" as required to initiate an appeal from the commissioners' findings. TEX. PROP. CODE § 21.018(a). The Pappas entities were served properly with notice of the commissioners' award because the statute specifically authorizes service to be made directly on the parties as an alternative to serving counsel of record, *id.* § 21.049, so the deadline for filing an objection was not tolled. Finally, we cannot entertain the challenge to the authority of the special commissioners because in the absence of timely filed objections, the trial court had a ministerial duty to enter a judgment implementing the special commissioners' award, which, under the circumstances, was unappealable.

**Background**

The State of Texas filed a petition to condemn 0.043 acres of land (1,873 square feet) owned by Pappas Restaurants, Inc. and Pappas Bar-B-Q, Inc. (collectively, "Pappas") for the purpose of expanding and improving Highway 290. The trial court appointed three special commissioners to assess the value of the land. Two weeks later, attorneys Frank Markantonis and Anna Sabayrac Marchand filed a notice of appearance on behalf of both Pappas entities. The notice stated that the attorneys had been retained to represent Pappas Restaurants and Pappas Bar-B-Q and that they were making an appearance on behalf of their clients.

The special commissioners scheduled a hearing to determine damages. A notice of the hearing was sent to Alysia E. Perry, the registered agent for both of the Pappas entities. The special commissioners found that the value of the condemned land was $58,936, and they rendered their findings on the date of the hearing. The award listed the parties to be notified, including Perry as the registered agent for Pappas.

The award was filed with the county clerk. On the same day the award was filed, the county clerk sent notices of the award by registered mail, and the return receipts appear in the appellate record. These notices were addressed to representatives of all parties, including Perry, as registered agent for Pappas, but no

separate notice was sent to the Pappas attorneys, Markantonis and Marchand, who shared the same mailing address as Perry, Pappas's registered agent.

The day after the special commissioners' award was filed with the county clerk, Pappas Restaurants filed a notice of appearance of substitute counsel, which stated that H. Dixon Montague and Don C. Griffin had replaced Markantonis and Marchand as "attorneys-in-charge," and they would "be responsible for the suit and shall be the attorneys to receive all communications from the court and other parties." The notice of appearance of counsel made no mention of the special commissioners' award. No separate notice of the commissioners' award was sent to these new attorneys of record for Pappas Restaurants.

The State deposited the amount of the damages award, $58,936, with the trial court clerk, and Pappas Restaurants filed a motion to withdraw the deposited funds. Then, two months after the special commissioners rendered their award, Pappas Restaurants filed objections and exceptions, arguing that the award was inadequate and that the special commissioners had not applied the correct measure of damages in determining compensation. Pappas Restaurants also demanded a jury trial.

The court granted the motion to withdraw funds and set the case for trial. Before the trial date, the State's attorney prepared and filed a "Judgment of Court in Absence of Objection," proposing a finding that the special commissioners'

4

award had been filed with the clerk and that no objections to the special commissioners' award "were filed within the time provided by law." The trial court signed this proposed judgment and sent notice to all counsel of record.

Pappas Restaurants filed a motion for new trial and reurged its objections to the special commissioners' award. Pappas Bar-B-Q also filed a motion for new trial, adopting by reference the arguments made by Pappas Restaurants. The trial court denied both motions for new trial, and both Pappas entities appealed.

**Analysis**

Pappas challenges the condemnation award in three issues. The first issue argues that objections were timely filed for two reasons: the notice of appearance of substitute counsel should be construed as an objection to the award, and the later-filed objections related back to the appearance of substitute counsel. The second issue argues that the time for filing objections was tolled by the clerk's failure to send notice of the special commissioners' award to their counsel of record.

In a third issue, Pappas argues that the court erred by denying their motions for new trial, which alleged that the special commissioners lacked jurisdiction because the State did not strictly comply with notice requirements pertaining to the condemnation proceeding. Specifically, they contend that there is no evidence that the original notice of the special commissioners' hearing was returned to the

5

commissioners by the person who served process, as required by Section 21.016 of the Texas Property Code.

The State contends that the notice of appearance of counsel was not an objection and therefore the later-filed objections do not relate back to it. The State further contends that if this court agrees that no objections were timely filed, we must dismiss this appeal for want of appellate jurisdiction.

## I.    Eminent-domain procedures

To resolve the issues presented in this appeal, we must consider whether the statutory eminent-domain procedures were followed. This is a question of law which we review de novo. *E.g.*, *City of Austin v. Whittington*, 384 S.W.3d 766, 778 (Tex. 2012).

Chapter 21 of the Texas Property Code governs eminent-domain proceedings. "The Texas eminent-domain scheme is a two-part process that begins with an administrative proceeding followed, if necessary, by a judicial one." *City of Tyler v. Beck*, 196 S.W.3d 784, 786 (Tex. 2006). The administrative phase of condemnation proceedings is initiated by an entity with eminent-domain authority when it wishes to acquire property but cannot reach an agreement with the property owner as to compensation. TEX. PROP. CODE § 21.012(a), (b); *see Musquiz v. Harris Cty. Flood Control Dist.*, 31 S.W.3d 664, 666–67 (Tex. App.—Houston [1st Dist.] 2000, no pet.). The condemning entity files a petition in an appropriate

6

court, which then appoints three special commissioners to determine an appropriate amount of compensation. *See* TEX. PROP. CODE §§ 21.001, 21.012–.015; *Beck*, 196 S.W.3d at 786. The special commissioners must schedule a hearing to assess damages. TEX. PROP. CODE § 21.015.

Each party to the proceeding must be served with notice of the time and place of the special commissioners' hearing. *Id.* § 21.016(a). Among other procedural requirements, the person who serves notice must return the original and a return of service to the special commissioners on or before the date of hearing. *Id.* § 21.016(c). "Unless notice has been properly served in accordance with the statute, the commissioners have no jurisdiction to assess damages or do anything that would declare a condemnation of the property." *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 641 (Tex. 2001). "[A] return of service of notice of a commissioners hearing that strictly complies with section 21.016 of the Property Code is prima facie evidence that the condemnee has been served with the notice in compliance with the statute." *Id.* at 642. "When the State introduces such a return," the burden shifts to the condemnee to "offer evidence that it was not served to raise a fact issue." *Id.*

The special commissioners must file with the court "a written statement of their decision stating the damages." TEX. PROP. CODE § 21.048. The clerk of the court must "send notice of the decision by certified or registered United States

mail, return receipt requested, to the parties in the proceeding, or to their attorneys of record, at their addresses of record." *See id.* § 21.049. When the condemning entity is satisfied with the award, it may obtain possession of the property by paying the amount of the award to the property owner, depositing that amount of money in the court's registry, or posting a sufficient bond. *See id.* § 21.021(a); *Musquiz*, 31 S.W.3d at 666–67.

Either party may challenge the special commissioners' award by filing "a written statement of the objections and their grounds" in the trial court. TEX. PROP. CODE § 21.018(a); *see Beck*, 196 S.W.3d at 786. Objections must be filed "on or before the first Monday following the 20th day after the day the commissioners file their findings with the court." TEX. PROP. CODE § 21.018(a). "Upon the filing of objections, the award is vacated and the administrative proceeding converts into a judicial proceeding." *Beck*, 196 S.W.3d at 786 (citing *Denton Cty. v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962)). Absent timely filed objections, the court has a ministerial duty to enter judgment in accordance with the special commissioners' award. *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 167–68 (Tex. 2013) (citing *Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958)). Such a judgment is not appealable. *See Pearson*, 315 S.W.2d at 938; *Musquiz*, 31 S.W.3d at 667.

## II.     Timeliness of objections

In the first two issues, Pappas argues that the trial court erred by entering judgment "in the absence of objection" and by finding "that no objections" to the decision of the special commissioners "were filed within the time provided by law." In the first issue, Pappas contends that appearance of substitute counsel, filed on the day after the special commissioners' award was filed, was itself an objection to the award. Pappas further contends that the formal objections filed two months later related back to the appearance of substitute counsel, as an amendment to that filing. In the second issue, Pappas argues that the time for filing an amendment was tolled because the court clerk served notice of the special commissioners' award on the registered agent for service of process and not on their counsel of record. For all these reasons, Pappas argues that timely objections to the special commissioners' award were filed.

## A.     Effect of appearance of substitute counsel

The special commissioners rendered their findings and award on July 22, 2014, and that document was filed with the clerk three days later on July 25. Objections to the award were due the Monday following the expiration of 20 days after July 25, which was August 18, 2014. *See* TEX. PROP. CODE § 21.018(a). Only one document was filed by any party between July 25 and August 18: the notice of appearance of substitute counsel filed by Pappas Restaurants. That notice provided

9

the names of the new attorneys who would be representing Pappas Restaurants. It stated, in its entirety:

> COMES NOW Pappas Restaurants, Inc. ("Pappas Restaurant"), Defendant herein, and files its Notice of Appearance of Substitute Counsel and pursuant to Texas Rule of Civil Procedure 9, designates H. Dixon Montague and Don C. Griffin of Vinson & Elkins LLP as its attorneys-in-charge in place of Anna Sabayrac Marchand and Frank Markatonis.
>
> Mr. Montague and Mr. Griffin will be responsible for the suit and shall be the attorneys to receive all communications from the court and from other parties. In the event of dismissal, Pappas Restaurant asserts its claim for attorneys' fees and other expenses pursuant to Texas Property Code § 21.0195.
>
> Notice of this designation has been provided to all other parties pursuant to Texas Rule of Civil Procedure 21a.

Objections to a special commissioners' award are registered "by filing a written statement of the objections and their grounds." *Id.* § 21.018(a); *Beck*, 196 S.W.3d at 786. The appearance of substitute counsel filed by Pappas Restaurants did not mention the special commissioners' award. It did not state that Pappas Restaurants objected to the award. And it did not provide any ground for an objection. Moreover, because it was filed only by Pappas Restaurants, nothing in this document could be construed as an objection by Pappas Bar-B-Q.

Pappas argues that the notice of appearance of substitute counsel communicated dissatisfaction with the special commissioners' award by stating that the new attorneys would be responsible for "the suit." Pappas reasons that

because the judicial phase of condemnation proceedings begins with the filing of objections to the commissioners' findings and award, *see Beck*, 196 S.W.3d at 786, the reference to "the suit" was an objection and declaration of intention to proceed with the judicial phase of the condemnation proceedings. Similarly, Pappas contends that reference to the Rules of Civil Procedure and a contingent claim for attorneys' fees under Section 21.0195 of the Property Code necessarily implied an intent to move into judicial proceedings because the Rules of Civil Procedure do not apply in the administrative proceeding. And Pappas further argues that the substitution of counsel would have been futile were it not also an objection.

To the extent that these features of the appearance of substitute counsel foreshadowed an intended judicial proceeding, the notice nevertheless did not satisfy the statute's requirements to initiate an appeal from the commissioners' findings. A statement suggesting that the party wishes to proceed to the judicial proceeding is not sufficient; the statute requires that such a party file "a written statement of the objections and their grounds." TEX. PROP. CODE § 21.018(a). The statute does not mandate use of particular words, but it does require that the appealing party identify the substance of the complaint by stating the "grounds" for its objections. *Id.* Nothing in the notice of appearance filed by the substitute counsel for Pappas Restaurants informed the court or other parties of the grounds

11

for objecting to the commissioners' award. As such, it did not comply with the statutory procedure for objecting to the commissioners' findings. *See id.*

In its brief, Pappas relies on *City of Houston v. Huber*, 311 S.W.2d 488 (Tex. Civ. App.—Houston 1958, no writ), for the supposed proposition that "the condemnee who is dissatisfied with the award of the special commissioners and who makes a timely objection thereto need not allege the damages sustained are inadequate or particularize the elements thereof." That considerably overstates the significance of *Huber*, in which the city sued several property owners, including Huber, to condemn their properties. *Huber*, 311 S.W.2d at 489. The special commissioners' award stated a total amount of compensation to be awarded, but the property owners were unable to apportion the damages among them. *Id.* at 491. Several of the owners filed objections, but Huber did not. *See id.*

The court of appeals determined that in light of the unapportioned award, which put the property owners in the position of being adverse to each other, an objection properly filed by any one owner was sufficient to vacate the administrative award and advance the condemnation proceeding to the judicial phase of trial de novo on the merits. *See id.* at 491–92. Because several owners had filed objections, all of the owners were entitled to participate in the judicial proceeding. *See id.* at 491. The court of appeals also explained that it was not necessary for Huber, who filed no objection, or any of the other owners to

"particularize as to his damages" in an objection because the statute required the trial court to conduct a de novo trial to resolve these issues. *Id.* at 493.

Notably, the court of appeals in *Huber* did not hold that a document that did not purport to be an objection or state the grounds for an objection should be construed as an objection for the purpose of advancing a condemnation proceeding from the administrative to the judicial phase. Instead, it held that a property owner who had not objected could take advantage of the new judicial proceeding initiated by another property owner's valid objection. *See id.* Thus, *Huber* does not support the argument that the notice of appearance of substitute counsel was a valid objection.

We conclude that the notice of appearance of substitute counsel was not an objection to the special commissioners' award in satisfaction of Property Code section 21.018(a).

## B. Effect of late-filed objections

Pappas Restaurants eventually did file written objections to the special commissioners' award in a document that alleged two different grounds: inadequacy of compensation and the commissioners' failure to apply the correct measure of damages. This document was filed well over a month after the statutory deadline for filing objections, and thus, standing alone, it was untimely. *See* TEX. PROP. CODE § 21.018(a).

Pappas contends that any deficiency in the appearance of substitute counsel as an objection was cured by the later filed "further objections." We have rejected the argument that the appearance of substitute counsel qualified as an "objection," such that its deficiencies could be considered cured by the later filing. For its relation-back argument, Pappas relies on *Sinclair v. City of Center*, 107 S.W.2d 921 (Tex. Civ. App.—Beaumont 1937, writ ref'd). In *Sinclair*, the court of appeals held that later-filed "objection and exceptions" related back to timely-filed "objection and exceptions" because they did no more than correct a "mere irregularity," which was the party's failure to sign the earlier document. *Sinclair*, 107 S.W.2d at 922. The late-filed objections filed by Pappas Restaurants did more than correct a mere irregularity—they were the original and untimely attempt to file a written statement of objections and their grounds. We conclude that the untimely-filed objections did not "relate back" to the notice of appearance of substitute counsel, and we overrule Pappas's first issue.

## C. Tolling of time for filing objections

In its second issue, Pappas argues that the time for filing objections to the special commissioners' award was tolled because the clerk failed to serve the attorneys of record with notice of the commissioners' decision.

The Property Code requires the clerk of court to "send notice of the decision" by the special commissioners "by certified or registered United States

mail, return receipt requested, to the parties in the proceeding, or to their attorneys of record, at their addresses of record." TEX. PROP. CODE § 21.049. It is undisputed that the clerk served notice of the special commissioners' decision on Alysia E. Perry, the registered agent for both Pappas Restaurants and Pappas Bar-B-Q.

While conceding that the Texas Rules of Civil Procedure were not "directly applicable" during the administrative phase of proceedings, including service of the commissioners' award, Pappas contends we should treat Rule 8 as a persuasive authority and find that service on "the parties" was insufficient when their attorneys had filed appearances. *Cf.* TEX. R. CIV. P. 8 (requiring communications in judicial proceedings to be sent to attorney, as opposed to represented party). We decline the invitation to use an inapplicable rule of procedure to depart from the plain and unambiguous text of a directly applicable statute. *See John v. State*, 826 S.W.2d 138, 140 (Tex. 1992) (finding that because the language of Property Code Section 21.049 "is clear and unambiguous, it should be enforced as written, giving its terms their usual and ordinary meaning, and without resorting to the rules of construction"). We hold that the clerk of court properly may serve notice of the special commissioners' decision on the parties in the proceeding, at their addresses of record. TEX. PROP. CODE § 21.049; *accord Oncor Elec. Delivery Co., LLC v. Brockriede*, Nos. 02-13-00071-CV & 02-13-00072-CV, 2013 WL 6564276, at *1–2 (Tex. App.—Fort Worth Dec. 12, 2013, no pet.) (mem. op.).

Pappas attempts to distinguish a Fort Worth Court of Appeals decision that reached the same conclusion, arguing that there was no appearance of counsel on the record in *Oncor Electric Delivery Co., LLC v. Brockriede*, Nos. 02-13-00071-CV & 02-13-00072-CV, 2013 WL 6564276 (Tex. App.—Fort Worth Dec. 12, 2013, no pet.) (mem. op.), while attorneys did appear in this case. But the *Oncor* opinion referred to the property owners' "counsel of record." *See Oncor*, 2013 WL 6564276, at *1–2. In addition, this distinction is immaterial because the analysis in *Oncor* was based on the text of the statute, and it was not contingent on whether there had been an appearance of counsel. *See id.*

Finally while Pappas relies on several cases for the proposition that service only on a represented party is insufficient, none of those cases arise from condemnation proceedings or implicate the special statutory procedures used in such cases. *See In re Household Fin. Corp. III*, No. 14-08-00673-CV, 2008 WL 5220542, at *8 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (petition for writ of mandamus from case seeking excess tax-sale proceeds); *Lester v. Capital Indus., Inc.*, 153 S.W.3d 93, 96–97 (Tex. App.—San Antonio 2004, no pet.) (breach of contract); *Morin v. Boecker*, 122 S.W.3d 911, 914 (Tex. App.—Corpus Christi 2003, no pet.) (forcible entry and detainer); *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) (default

judgment); *Rolon v. Rolon*, 907 S.W.2d 670, 671 (Tex. App.—Beaumont 1995, no pet.) (divorce).

Because service solely on a represented party satisfies the requirements of Section 21.049, and it is undisputed that Pappas was served with notice of the commissioners' award, we hold that the time for filing objections was not tolled. We overrule the second issue.

## III. Jurisdiction of special commissioners

In the third issue, Pappas argues that the trial court erred by denying a motion for new trial which asserted that the special commissioners lacked jurisdiction. On appeal, they argue that the State presented no evidence that it strictly complied with statutory notice-of-hearing requirements. They assert that the State's failure to strictly comply with the statute deprived the commissioners of jurisdiction. They further argue that because the special commissioners lacked jurisdiction, the trial court's order adopting the special commissioners' award is void.

The State contends that this court lacks jurisdiction to consider this issue because no appeal may be taken from the trial court's judgment on the special commissioners' award. We agree. The foregoing analysis establishes that Pappas never initiated an appeal from the special commissioners' findings, which is the catalyst for transforming the administrative part of the condemnation proceeding

17

into a judicial proceeding. *See Beck*, 196 S.W.3d at 786; *Brammer*, 361 S.W.2d at 200. In the absence of timely filed objections, the court had a ministerial duty to enter judgment in accordance with the special commissioners' award, which is unappealable. *See Pearson*, 315 S.W.2d at 938; *Musquiz*, 31 S.W.3d at 666–67. Accordingly, we overrule the third issue.

## Conclusion

Pappas failed to timely file objections to the special commissioners' award. As such, the trial court had a ministerial duty to "adopt the commissioners' findings as the judgment of the court, record the judgment in the minutes of the court, and issue the process necessary to enforce the judgment." TEX. PROP. CODE § 21.061. We hold that the court correctly entered judgment in this case in the absence of objections, and we affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.